IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:
THE FLINTKOTE COMPANY, et al., : Bankr. Case No. 04-11300-JKF

8 E. FREDERICK PLACE, LLC,

        Appellant,

        v. : Civ. No. 12-1176-LPS

THE FLINTKOTE COMPANY and
FLINTKOTE MINES LIMITED,

        Appellees.

## MEMORANDUM

Pending before the Court is 8 E. Frederick Place, LLC's ("Appellant") appeal from the Bankruptcy Court's July 6, 2012 Order (the "Order") and accompanying Memorandum Opinion (the "Opinion") entered in *In re Flintkote Co.*, 475 B.R. 400 (Bankr. D. Del. 2012), granting Debtors' Motions for Summary Judgment, sustaining Debtors' Objection to Claim 2242, and Denying Appellant's Motion for Relief from Stay. (D.I. 1) For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

    1.    Background.[1] The Flintkote Company and Flintkote Mines Limited (the "Debtors") filed a petition for chapter 11 bankruptcy relief in the U.S. Bankruptcy Court for the District of Delaware on May 1, 2004. On February 16, 2005, Appellant filed claim number 2242 (the "Claim") against the Debtors' bankruptcy estate for an "unknown" amount of damages due

---

[1] Because the Court writes primarily for the benefit of the parties, the Court presumes reader familiarity with the pertinent background facts and case history. Much additional and helpful background is provided in the Bankruptcy Court's Memorandum Opinion. *See In re Flintkote Co.*, 475 B.R. 400 (Bankr. D. Del. 2012).

to alleged "site contamination." (D.I. 19 at SA193) The Claim represents an underlying dispute over responsibility for pollution on a 6.5 acre parcel of land in Cedar Knolls, New Jersey, that Appellant has owned since 1984 ("the Property"). (D.I. 16 at 6) From 1945 to 1972, Debtors owned and operated a rubber manufacturing facility on the Property. (D.I. 18 at 4)

2.  In 1994, Debtors and the New Jersey Department of Environmental Property (the "NJDEP") entered into a Memorandum of Understanding for the purpose of investigating for areas of environmental concern on the Property. (D.I. 17 A466) The investigation exposed several potential areas of concern. (*Id.*) The Debtors have been expending some effort to remediate these areas of concern under the NJDEP's oversight, although the parties disagree as to the extent and sufficiency of such remediation. (D.I. 16 at 6–8; D.I. 18 at 4–6)

3.  On September 17, 2007, Debtors filed a non-substantive objection to Appellant's Claim. (D.I. 17 at A8–21) This prompted a stipulation between the parties, whereby: Debtors withdrew their non-substantive objection in return for Appellant releasing all potential common-law claims and limiting its Claim to the following six statutes: (1) the New Jersey Environmental Rights Act ("ERA"), N.J.S.A. 2A:35A-1 *et seq.*; (2) the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11 *et seq.*; (3) the New Jersey Industrial Site Recovery Act ("ISRA"), N.J.S.A. 13:1K-6 *et seq.*; (4) the New Jersey Water Pollution Control Act ("NJWPCA"), N.J.S.A. 58:10A-1 *et seq.*; (5) the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. 9601 *et seq.*; and (6) the federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. 401 *et seq.* (collectively, the "Environmental Statutes"). (D.I. 17, A69–77)

4.  On May 23, 2011, Appellant filed a Motion for Relief from Stay (the "Stay Relief Motion") pursuant to 11 U.S.C. § 362(d)(1). Appellant alleged that it had "cause" to lift the stay

under § 362(d)(1) because it intended to file suit in New Jersey state court to force Debtors to further remediate the Property. (D.I. 17 A079–095) On June 20, 2011, Debtors filed a substantive objection to Appellant's Claim. (D.I. 17 A122–140) On October 6, 2011, Debtors filed two motions for summary judgment, one objecting to Appellant's Claim, and another with respect to Appellant's Stay Relief Motion. (D.I. 17 A228–272)

5. The parties briefed the issues and the Bankruptcy Court held a hearing on the summary judgment motions on January 23, 2012. After supplemental briefing, the Bankruptcy Court issued its Opinion and Order granting Debtors' two summary judgment motions and denying Appellant's Stay Relief Motion. (D.I. 1) Appellant's timely appeal to this Court followed.

6. Standard of Review. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(l) and (3). In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F .2d 1226, 1229 (3d Cir. 1992).

7.  The Court reviews a denial of a motion for relief from stay for abuse of discretion. *See In re Am. Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003). An abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." *Id.*

8.  The Parties' Contentions. Appellant argues that the Bankruptcy Court committed the following errors of law: first, it failed to decide all questions of fact in Appellant's favor; second, it found that Appellant had no causes of action under the Environmental Statutes; third, it ignored controlling Third Circuit precedent; and fourth, it failed to recognize that New Jersey state court is the appropriate forum to adjudicate Appellant's Claim. (D.I. 16 at 3) Appellant further argues that the Bankruptcy Court committed clear error by finding as matters of fact that: Debtor's expert report was uncontradicted; Appellant presented no evidence supporting its claim that the NJDEP fell short in its enforcement duties; and the level of contamination at the Property is relatively low. (*Id.* at 2) Appellant requests that this Court reverse the Bankruptcy Court's Order and grant its Stay Relief Motion.

9.  Debtors contend that Appellant has not provided any basis to challenge the Bankruptcy Court's conclusion that the asserted claims lack legal merit. Accordingly, Debtors argue that the Bankruptcy Court did not err by sustaining Debtors' objection to Appellant's Claim. (D.I. 18 at 9–10) Debtors contend that this finding necessarily moots Appellant's stated "cause" to lift the stay, and the Bankruptcy Court therefore did not abuse its discretion by denying the Stay Relief Motion. (*Id.*) Debtors request that this Court affirm the Bankruptcy Court's Order.

10.  Analysis. Section 362(d)(1) of the Bankruptcy Code authorizes the Bankruptcy Court to lift the automatic stay:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause . . . .

11 U.S.C. § 362(d)(1). "The movant bears the burden of establishing a prima facie case of cause . . . ." *In re Aardvark, Inc.*, No. 96-858, 1997 WL 129346, at *4 (D. Del. Mar. 4, 1997) (internal quotation marks omitted). Appellant's "cause" is its purported need to file suit against the Debtors in New Jersey state court to force further remediation of the Property. The Bankruptcy Court rejected this argument, finding that Appellant could not maintain a cause of action under any of the six Environmental Statutes. Appellant argues that this conclusion constitutes legal error. The Court disagrees.

11. Appellant claims that it may pursue an equitable remedy under the ERA against Debtors for their violations of the Spill Act. The ERA provides:

> Any person may commence a civil action in a court of competent jurisdiction against any other person alleged to be in violation of any statute, regulation or ordinance which is designed to prevent or minimize pollution, impairment or destruction of the environment. The action may be for injunctive or other equitable relief to compel compliance with a statute, regulation or ordinance, or to assess civil penalties for the violation as provided by law. The action may be commenced upon an allegation that a person is in violation, either continuously or intermittently, of a statute, regulation or ordinance, and that there is a likelihood that the violation will recur in the future.

N.J. Stat. Ann. § 2A:35A-4. "While the ERA generally allows for citizen enforcement of state environmental laws, it does not create any independent substantive rights." *Bowen Eng'g v. Estate of Reeve*, 799 F. Supp. 467, 479 (D.N.J. 1992), *aff'd*, 19 F.3d 642 (3d Cir. 1994). To overcome that obstacle, Appellant relied on the Spill Act as the target statute. N.J. Stat. Ann.

§ 2A:35A-4 (*see* D.I. 21 at 6). "Although the Spill Act does not have a provision for enforcement by private parties, citizens may bring an action through the ERA for injunctive relief under the Spill Act." *Bowen Eng'g*, 799 F. Supp. at 479. For a private party plaintiff, the ERA and Spill Act work as complements. *See id.*

12. This avenue of relief, however, is limited by two separate threshold requirements. First, the violation must be ongoing. Injunctive relief under the ERA requires that "a person is in violation, either continuously or intermittently, of a statute, regulation or ordinance, and that there is a likelihood that the violation will recur in the future." *Id.*; *see also Panaccione v. Holowiak*, 2008 WL 4876577, at *3–4 (N.J. Super. Ct. App. Div. Nov. 12, 2008). Second, the private ERA action is only available if and when the NJDEP -- the primary state agency tasked with enforcing the ERA -- has failed to properly act to enforce the target environmental law. "[T]he right of private parties to sue under the ERA is an alternative to inaction by the government which retains primary prosecutorial responsibility." *Player v. Motiva Enterprises LLC*, 2006 WL 166452, at *13 (D.N.J. Jan. 20, 2006), *aff'd*, 240 F. App'x 513 (3d Cir. 2007). Consequently, "where the state agency has failed or neglected to act in the best interest of the citizenry or has arbitrarily, capriciously or unreasonably acted, *then* a court should permit interested persons to continue with enforcement under the Environmental Rights Act." *Howell Twp. v. Waste Disposal, Inc.*, 504 A.2d 19, 27 (N.J. App. Div. 1986) (emphasis added).

13. The Bankruptcy Court found that because the Debtors sold the Property decades ago, they could neither be in continuing violation nor likely responsible for future violations of the Spill Act on the Property. *In re Flintkote*, 475 B.R. at 406. Therefore, Appellant's alleged ERA claim was deficient. *Id.* This conclusion mirrors the result in *Bowen Eng'g*, 799 F. Supp. at 479, a decision from the U.S. District Court for the District of New Jersey. In that case, the

court found that because the defendant sold the allegedly polluted property years prior to the ERA lawsuit, the plaintiff could not demonstrate a "continuing violation of the Spill Act," and thus "d[id] not have a cause of action against th[e] defendant to seek injunctive or other equitable relief under the Spill Act through the ERA." *Id.*

14. The timing of the Debtors' transfer of the Property is not disputed. Instead, Appellant claims the Bankruptcy Court's reasoning ignores binding precedent in *Torwico Elec., Inc. v. State of New Jersey Dep't of Envtl. Prot. & Energy (In re Torwico Elec., Inc.)*, 8 F.3d 146 (3d Cir. 1993), and *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494 (1986). (D.I. 16 at 17) Appellant cites these cases for the proposition that a party is accountable for its prior pollution on a property even after it no longer owns that property. (*Id.*)

15. These cases are inapplicable. Neither *Torwico* nor *Midlantic* involved private party action under the ERA. The private party action permitted by the ERA is much more limited in scope than the power granted to the NJDEP under that same statute. *See Bowen*, 799 F. Supp. at 479. While Appellant is generally correct that polluters are liable for prior pollution, as a private party seeking to enforce the ERA, Appellant can only seek recourse against an ongoing violator. *See* N.J. Stat. Ann. § 2A:35A-4. Thus, the Court finds that the Bankruptcy Court correctly determined that Appellant had no cause of action under the ERA for an alleged Spill Act violation.[2]

---

[2]The Bankruptcy Court did not conflate the requirements of the Spill Act and the ERA, as Appellant suggests. Even when the Spill Act violation triggers the ERA injunctive remedy, Appellant must nevertheless meet the requirements of the ERA, which it cannot do under the facts here. Although the Spill Act does provide for a limited private right of action for contribution for cleanup costs that can be raised without relying on the ERA, Appellant has not raised this claim. *See Dalton v. Shanna Lynn Corp.*, 2012 WL 1345073 (N.J. Super. Ct. App. Div. Apr. 19, 2012); *see In re Flintkote*, 475 B.R. at 406–07.

16. This conclusion moots Appellant's argument with respect to the second threshold requirement of the ERA. On appeal, Appellant argues that the Bankruptcy Court erred by failing to consider portions of the record that raise an issue of fact as to the sufficiency of the NJDEP's enforcement of the ERA with respect to the Property. (D.I. 16 at 11–12) Although this may well be a fact-specific question, it is irrelevant here because Appellant could not satisfy the first prerequisite -- the continuing violation requirement -- of the ERA.

17. The Bankruptcy Court also found as a matter of law that Appellant did not have causes of action against the Debtor under the remaining four Environmental Statutes: ISRA, NJWPCA, CERCLA, or the Clean Water Act. *In re Flintkote*, 475 B.R. at 407–09. Appellant generally posits that the Bankruptcy Court erred by holding that it did not have any cause of action under any of the six Environmental Statutes, but Appellant acknowledges that it did not address the Bankruptcy Court's reasoning with respect to these remaining four statutes. (D.I. 21 at 6) Appellant focused on the ERA and the Spill Act, but did not identify any issues with the Bankruptcy Court's analysis regarding the ISRA, NJWPCA, CERCLA, or the Clean Water Act. (D.I. 16 at 16; D.I. 21 at 6) Because Appellant did not pursue these arguments, the Court considers them abandoned and waived. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (stating issues on appeal must be identified and supported with argument or else they are waived).

18. Next, Appellant claims that the Bankruptcy Court erred by finding as a matter of fact that "all concerns of the NJDEP . . . were addressed" and that the contamination levels on the Property are "acceptably low or . . . the remediation effort performed is sufficient or acceptable." (D.I. 16. at 9, 13) Appellant argues that both facts are sufficiently disputed, as evidenced by its own expert's report and the letters sent from the NJDEP to the Debtors. The

Court does not believe that these statements accurately represent the Bankruptcy Court's material findings of fact. First, with respect to the Bankruptcy Court's comment regarding the concerns of the NJDEP, Appellant extracted this statement from the end of a lengthy footnote detailing the history of the remediation efforts on the Property. *See In re Flintkote*, 475 B.R. at 404 n.12. This footnote related to the background section of the opinion and did not impact the Bankruptcy Court's legal analysis. Second, the full text of the Bankruptcy Court's statement regarding the level of remediation is as follows:

> While responsibility for the Historic Fill Area is disputed, the nature of the environmental impact is of limited concern, according to Debtor's environmental consultant's findings which are not contradicted by any evidence proffered by 8 East Frederick. The evidence establishes that this is because the levels of contamination are ***relatively*** low and, therefore, the NJDEP focus has been on limiting surface contact with the History Fill.

*Id.* at 409 (emphasis added).

20. Both statements are immaterial to Appellant's asserted causes of action under the Environmental Statutes, and, therefore, do not disturb the Bankruptcy Court's conclusions of law. The Bankruptcy Court's decision hinged on Appellant's inability to demonstrate that it has standing to sue Debtors under the asserted Environmental Statutes. The amount of pollution on the Property, the sufficiency of Debtors' remediation efforts to date, or the NJDEP's response are not factors the Bankruptcy Court considered dispositive in its analysis.

21. Finally, Appellant argues that a general policy of deference to state courts on issues of state law should have compelled the Bankruptcy Court to lift the stay to allow the litigation to proceed in New Jersey state court, which it argues is the more appropriate forum for interpreting New Jersey environmental law. Appellant contends that the Bankruptcy Court's failure to consider this policy constitutes legal error. As an initial matter, in these circumstances

the law expressly permits bankruptcy courts to review the merits of asserted state law claims to address whether lifting the stay under § 362(d)(1) is appropriate. Although "[t]here is no rigid test for determining whether sufficient cause exists to modify an automatic stay," one factor courts consider is "the probable success on the merits if the stay is lifted." *In re Cont'l Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993) (emphasis added). This requires the bankruptcy court to conduct some evaluation of the movant's pending or asserted claims, even when those claims are based on state law.

22. Further, because § 362(d)(1) does not define "cause," bankruptcy courts have the discretion to consider what constitutes cause based on the totality of the circumstances. *See In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). The Court is not persuaded that the Bankruptcy Court abused its discretion by failing to consider Appellant's suggested policy considerations. If a § 362(d)(1) movant predicates "cause" upon an intention to file certain state law causes of action against a debtor, and a bankruptcy court concludes upon its review that those causes of action lack legal merit, then it logically follows that the asserted "cause" does not exist. Against that backdrop, the bankruptcy court is free to determine that other factors (such as a general policy of state court deference) may merit little consideration. Under the totality of the circumstances presented here, the Bankruptcy Court did not err by failing to assign that factor any weight.

23. The Court finds that the Bankruptcy Court correctly concluded as a matter of law that Appellant could not maintain its causes of action under the asserted Environmental Statutes. Therefore, it did not abuse its discretion by finding that no cause existed to lift the stay under § 362(d)(1). The Bankruptcy Court, thus, properly granted Debtors' motions for summary

judgment. Accordingly, and for the foregoing reasons, the Bankruptcy Court's Order will be affirmed. An appropriate Order follows.

January 16, 2015
Wilmington, Delaware

_____
UNITED STATES DISTRICT COURT