IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>THE FLINTKOTE COMPANY, et al., | Bankr. Case No. 04-11300-JKF |
| 8 E. FREDERICK PLACE, LLC, | |
| Appellant, | |
| v. | Civ. No. 12-1176-LPS |
| THE FLINTKOTE COMPANY and<br>FLINTKOTE MINES LIMITED, | |
| Appellees. | |

## **MEMORANDUM ORDER**

At Wilmington this 14th day of July, 2015, having reviewed the Motion (D.I. 25) of 8 E. Frederick Place, LLC ("Appellant") to reconsider this Court's Memorandum and Order (the "Memorandum") (D.I. 23, 24) issued on January 16, 2015, and the papers submitted in connection therewith (D.I. 26, 27), for the reasons stated below:

**IT IS HEREBY ORDERED** that Appellant's Motion to Reconsider (D.I. 25) is **DENIED**.

1. Background.[1] The Flintkote Company and Flintkote Mines Limited (the "Debtors") filed a petition for chapter 11 bankruptcy relief in the U.S. Bankruptcy Court for the District of Delaware on May 1, 2004. Appellant filed a claim against Debtors' bankruptcy estate, alleging that Debtors are liable for polluting property it currently owns in Cedar Knolls,

---

[1] This Court's January 16 Memorandum (D.I. 23) and the Bankruptcy Court's Memorandum Opinion in *In re Flintkote Co.*, 475 B.R. 400 (Bankr. D. Del. 2012), provide a more extensive background of this case.

New Jersey. Debtors previously owned that property and used it as a site for a rubber manufacturing facility. (D.I. 16 at 6; D.I. 18 at 4) On May 23, 2011, Appellant filed a Motion for Relief from Stay, seeking to pursue various federal and state environmental claims against Debtors in New Jersey state court. (D.I. 17 A079–095) Debtors filed objections to Appellant's claim and Appellant's Motion for Relief from Stay, and subsequently moved for summary judgment on both of those objections. (D.I. 17 A122–140, A228–272)

2. On June 6, 2012, the Bankruptcy Court issued an Order (the "Bankruptcy Court Order") granting Debtors' two motions for summary judgment and denying Appellant's Motion for Relief from Stay. (D.I. 1-1) Appellant's timely appeal to this Court followed. (D.I. 1) After briefing from both parties, this Court entered its Memorandum on January 16, 2015, affirming the Bankruptcy Court Order. (D.I. 23, 24) On February 13, 2015, Appellant filed the present Motion for Reconsideration. (D.I. 25) Both parties have fully briefed the issues. (D.I. 26, 27)

3. Standard of Review. Motions for reargument are authorized under Delaware Local Rule 7.1.5. *See* D. Del. LR 7.1.5. "Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005). "Litigants who fail in their first attempt to persuade a court to adopt [their] position may not use a motion for reconsideration either to attempt a new approach or correct mistakes . . . made in [their] previous one . . . [or] to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *In re W.R. Grace & Co.*, 398 B.R. 368, 371–72 (D. Del. 2008) (internal quotations omitted). It is not intended to present a litigant with a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). The Third Circuit has stated that a party seeking reconsideration

2

must demonstrate one of the following three circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

4. The Parties' Contentions. Appellant argues that the Court should reconsider its Memorandum, and reverse the Bankruptcy Court's Order, because (1) the New Jersey Supreme Court recently issued *Morristown Assocs. v. Grant Oil Co.*, 106 A.3d 1176 (N.J. 2015), which provides further guidance on the New Jersey Spill Compensation and Control Act (the "Spill Act"); (2) the Court applied an incorrect standard of review to the Bankruptcy Court's Order; and (3) the Court failed to take into consideration the public policy of the state of New Jersey. (D.I. 26 at ¶¶ 1–3) In response, Debtors argue that *Morristown* provides no new analysis regarding the Spill Act that affects this Court's reasoning in the Memorandum. (D.I. 27 at 2) Further, Debtors maintain that the Court's Memorandum plainly applied the correct de novo standard of review. (*Id.*) Finally, they contend that Appellant's remaining arguments improperly rehash points of law that this Court already decided. (*Id.* at 3)

5. Analysis. Appellant first contends that this Court's analysis in the Memorandum interprets the Spill Act too narrowly. (D.I. 26 at ¶ 9) Appellant cites the New Jersey Supreme Court's statement from *Morristown* that "the only defense allowed to claims brought pursuant to the Spill Act is 'an act or omission caused solely by war, sabotage, or God, or a combination thereof.'" (*Id.*) (quoting *Morristown Assocs.*, 106 A.3d at 1185) According to Appellant, the *Morristown* opinion demonstrates that this Court incorrectly rejected Appellant's Spill Act claim

3

"based on the erroneous premise that a polluter (Flintkote) can avoid responsibility and liability by the passage of time or the sale of property." (*Id.* at ¶ 1)

6. The Court disagrees. As the Court explained in the Memorandum, "[a]lthough the Spill Act does not have a provision for enforcement by private parties, citizens may bring an action through the ERA [New Jersey Environmental Rights Act] for injunctive relief under the Spill Act." (D.I. 23 at ¶ 11) (quoting *Bowen Eng'g v. Estate of Reeve*, 799 F. Supp. 467, 479 (D.N.J. 1992), *aff'd*, 19 F.3d 642 (3d. Cir. 1994)) The passage of time and the change in ownership were facts that deprived Appellant of a cause of action under the ERA, not the Spill Act. (*Id.* at ¶¶ 13–15) Appellant offers no argument disputing the Court's conclusion regarding the ERA.

7. As the Court noted in its Memorandum, the Spill Act contains one exception that permits a private party to directly assert a claim against a polluter. (*See id.* at 7 n.2) ("Although the Spill Act does provide for a limited private right of action for contribution for cleanup costs that can be raised without relying on the ERA, Appellant has not raised this claim.") *Morristown* reaffirmed this principle. *See* 106 A.3d at 1187 (explaining that "when originally enacted, the Spill Act's scheme contemplated that most cleanup actions would be conducted by DEP," but then "the Legislature amended the Spill Act in 1991 expressly to allow [] those parties who enter into an agreement with [DEP] to remove a hazardous discharge to seek contribution from those responsible parties who have not entered into such an agreement") (internal quotation marks omitted). Appellant has not argued at any stage of this litigation that it has an action for contribution against Debtors, which presents the only method for holding a party accountable for a violation of the Spill Act without relying on the injunctive remedy of the ERA.

4

8. The issue in *Morristown*, which is irrelevant here, was whether "the general six-year statute of limitations contained in *N.J.S.A.* 2A:14–1 applies to private claims for contribution made pursuant to the New Jersey Spill Compensation and Control Act (Spill Act) ...." 106 A.3d at 1178. *Morristown* neither broadens the rights of private parties to bring suit directly under the Spill Act, nor lessens the threshold requirements for a private party raising an ERA injunctive suit. Because it does not affect either of those issues, *Morristown* offers no intervening change in the controlling law.

9. Appellant next argues that this Court applied an incorrect standard of review in analyzing the Motion for Relief from Stay. (D.I. 26 at ¶ 2) Appellant alleges that "[s]ince the Bankruptcy Court made its ruling on 8EF's Motion for Relief from Stay pursuant to Flintkote's Motion for Summary Judgment, it is appropriate for this Court to review the entirety of the Bankruptcy Court's Order de novo. Because this Court did not review the Bankruptcy Court's Opinion and Order de novo, the Court should reconsider its Opinion and Order affirming the Bankruptcy Court's rulings." (*Id.* at ¶ 21) The Court finds that this argument lacks merit. In the Memorandum, the Court reexamined each of the Bankruptcy Court's legal findings. (*See* D.I. 23 at ¶¶ 15, 16, 17, 23) It found that the Bankruptcy Court's legal conclusions were correct under a de novo standard of review, and not an abuse of discretion standard as Appellant claims. (*Id.*) The Court therefore reasoned that the Bankruptcy Court properly granted Debtors' motions for summary judgment. (*Id.* at ¶ 23) In addition, based on those affirmed legal conclusions, the Court concluded that the Bankruptcy Court did not abuse its discretion by denying Appellant's Motion for Relief from Stay -- the correct legal standard for review of that decision. (*Id.*; *see In re Am. Classic Voyages*, 298 B.R. 222, 225 (D. Del. 2003))

10. Finally, Appellant urges this Court to reconsider the Memorandum because "[t]here are issues of public policy of the State of New Jersey which are adversely affected by allowing Flintkote to discharge its responsibility to remediate contaminated real property through the bankruptcy process." (D.I. 26 at ¶ 3) Appellant reasons that if this decision is affirmed, Debtors will have successfully avoided responsibility for remediating the allegedly polluted property. (*Id.* at ¶ 24) This is not the case. Neither the Bankruptcy Court Order nor this Court's Memorandum affirmatively granted a discharge to Debtors relating to any pollution claims. These orders focused only on Debtors' potential liability to Appellant. This does not foreclose the possibility that Debtors could be liable to the applicable state enforcement body under the Spill Act, to another party under the ERA, or to Appellant under a different theory of recovery.[2]

11. Appellant also argues that the Bankruptcy Court's Order contained several errors of law and fact. (*See* D.I. 26 at ¶¶ 22, 28) This Court already addressed those arguments in the Memorandum, and "[r]eargument should not be granted where it would merely allow wasteful repetition of arguments already briefed, considered and decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (internal quotations omitted).

12. Conclusion. Appellant has not demonstrated an intervening change in the controlling law, the discovery of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice. *See Quinteros,* 176 F.3d at

---

[2] However, this Court affirmed the Bankruptcy Court's findings that Appellant also did not sufficiently allege a violation of the New Jersey Industrial Site Recovery Act, the New Jersey Water Pollution Control Act, the federal Comprehensive Environmental Response, Compensation, and Liability Act, and the federal Water Pollution Control Act. (D.I. 23 at ¶¶ 3, 23)

6

677. Accordingly, the Court will deny Appellant's Motion to Reconsider.

> HON. LEONARD P. STARK
> UNITED STATES DISTRICT JUDGE